Ronald W. Hopkins (Bar No. 100895)
rhopkins@gascouhopkins.com
Christian J. Gascou, Esq.  (Bar No. 209957)
cgascou@gascouhopkins.com
GASCOU HOPKINS LLP
9696 Culver Blvd Suite 302
Culver City CA 90232
Telephone:  (310) 785-9116
Facsimile:   (310) 785-9149

Attorneys for Plaintiff,
Allied World Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIED WORLD INSURANCE COMPANY, a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>CALIFORNIA AVERLAND CONSTRUCTION, INC., a California corporation, JOSEPH SON BYN KIM, an individual resident of California, CONNIE KIM, an individual resident of California,<br><br>Defendants. | CASE NO. 2:19-CV-00528-JFW(RAOx)<br><br>**NOTICE OF MOTION AND REVISED MOTION FOR JOINT AND SEVERAL DEFAULT JUDGMENT AGAINST DEFENDANTS CALIFORNIA AVERLAND CONSTRUCTION, INC., JOSEPH SON BYN KIM AND CONNIE KIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFAULT JUDGMENT** |

PLEASE TAKE NOTICE that on December 9, 2019 at 1:30 PM in Courtroom 7A of the above entitled Court located at 350 West First Street, Los Angeles, CA 90012, Plaintiff Allied World Insurance Company ("Allied World") will, and hereby does, move the Court for Default Judgment jointly and severally against Defendants, California Averland Construction, Inc., ("Cal Av") a California corporation, Joseph Son Byn Kim, and Connie Kim.

This Motion is made under Fed. R. Civ. P. 55(b)(2) and is based on this Notice of Motion and Motion, the Affidavit of James A. Keating and Exhibits "'A" through "I", the Affidavit of Ronald W. Hopkins, the Memorandum of Points and Authorities, papers and pleadings on file in this case, and such further evidence and argument as

**NOTICE OF MOTION AND REVISED MOTION**

may be presented at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Allied World Insurance Company ("Allied World") submits the following Memorandum of Points and Authorities in support of its Motion for Default Judgment:

### I. PRELIMINARY STATEMENT

Collectively, Defendants Cal Av, Joseph Son Byn Kim, and Connie Kim are referred to herein as "Indemnitors" or "Defendants".

Defendants California Averland Construction, Inc., a California corporation, Joseph Son Byn Kim and Connie Kim, are not infants or incompetent persons, and the Servicemembers Civil Relief Act of 2003 is not applicable to this suit or to California Averland, Inc., Joseph Son Byn Kim or Connie Kim.

On or about July 17, 2015, Principal Cal Av and Indemnitors Cal Av, Joseph Son Byn Kim and Connie Kim, and each of them, executed an Agreement of Indemnity ("IA") in favor of Allied World. Attached hereto as Exhibit "A" is a true and correct copy of the IA, which is incorporated by reference herein.

Under Paragraph 3.2 of the IA, Principal Cal Av and Indemnitors Cal Av, Joseph Son Byn Kim and Connie Kim, are jointly and severally obligated to indemnify Allied World as their surety from any and all loss and expense incurred in connection with Allied World's issuance of any bonds on behalf of CalAv. Section 3.2 of the IA entitled "INDEMNITY" requires each of the three Indemnitors Cal Av, Joseph Son Byn Kim and Connie Kim to:

> " ...at all times jointly and severally to exonerate, indemnify and keep indemnified, and to defend and to hold Surety harmless from and against any and all liability for any and all Loss, and in such connection, Indemnitors will pay Surety for all Losses specified or otherwise described in Surety's notice . . ."

Section 3.2 of the IA further states:

> "Principal's and Indemnitors' joint and several obligations to exonerate, indemnify and keep indemnified, and to defend and hold harmless Surety from any and all liability for any and all **Loss includes but is not limited**

> **to: liability, loss, costs, damage and expense of whatsoever kind or nature (including but not limited to interest, court costs, attorney fees**, investigation fees, consulting costs, accounting fees, and other professional or trade fees whether incurred on a flat fee, percentage, time and material, hourly or other basis, and includes the cost of Surety's in-house professionals.) Surety shall at all times have the right, but not the obligation, to retain counsel of its choice to defend itself from any claim, lien, levy, liability, suit or judgment brought against Surety on any Bond or against any collateral held by Surety, contract funds, trust funds or liens heled by Surety. The costs associated with a Surety retaining such counsel shall be included within Indemnitors' obligation to exonerate, indemnify, and hold Surety harmless." (emphasis added.)

Under section "I. Certain Definitions" of the GIA, "Loss" means:

> … the underlying dollar amount of all Claims and of all damages, expenses, costs, professional and consulting fees (including all legal fees and disbursements), interest and expenses of every nature (including premium and fees due-but-unpaid for the issuance and continuance of the Bonds) which Surety sustains or incurs or becomes liable for by reason of (a) being requested to execute or procure the execution of any Bond; or (b) having executed or procured the execution of any Bond; or (c) the administration of any amendment, waiver or supplement to any Bond; or (d) any Indemnitor's failure to perform or comply with any of the covenants and conditions of this Agreement; or (e) enforcement of, attempted enforcement of, or preservation of rights under any Bond or this Agreement.

Pursuant to the request of Indemnitors Cal Av, Joseph Son Byn Kim and Connie Kim, and in reliance upon the terms and execution of the IA, Allied World issued multiple performance bonds and labor and material payment bonds on behalf of Cal Av as principal in connection with its construction work on multiple construction projects, including two public works construction projects on which Allied World has suffered losses.

The two projects on which Allied World has suffered losses which are the subject of this default application are: (1) the Norwalk-La Mirada Unified School District, Modernization of Admin/MPR at Gardenhill and Hutchinson (Bond No. S001-6184) (the "Norwalk-La Mirada Project"); and (2) the Taft College Student Center (Bond No. S001-2949) (the "Taft College Project") (collectively the "Projects"). True and accurate copies of the Bonds are attached as Exhibit "B".

Subsequent to the issuance of the Bonds, the owner of the Taft College Project, the West Kern Community College District issued a notice of default to CalAv, and terminated Cal Av prior to completion. Allied World then received a claim from the owner on the performance bond for completion of the Project which claim is in excess of $11,000,000. (Affidavit of James Keating.) The adjusted contract amount for the Taft College project was in excess of $13,000,000.00. The performance bond claim is still pending.

Allied World has made repeated demands upon CalAv, Joseph Son Byn Kim and Connie Kim to reimburse and hold Allied World harmless for its Losses. To date, CalAv has only reimbursed Allied World one $5,000 payment against the Losses incurred on the Taft College project and the Norwalk-La Mirada project.

## II. DEFAULT

Defendant Joseph Son Byn Kim was personally served with Allied World's Complaint for indemnity on January 27, 2019. Defendant Connie Kim was also served with Allied World's Complaint for indemnity on January 27, 2019. Defendants Joseph Son Byn Kim and Connie Kim filed answers, but were defaulted by this Court and their answers stricken after failing to respond to an OSC for their lack of participation in the Rule 26 disclosure process (Doc 23).

Defendant California Averland Construction was served with Allied World's Complaint for indemnity on January 28, 2019. Defendant Cal Av was defaulted by this Court for failure to file an answer to the Complaint (Doc 18).

## III. SUMMARY OF AUTHORITY

Rule 55(b)(2) permits the Court to enter a default judgment. The Court need not make detailed findings of fact in the event of a default. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

Allied World sued Defendants on four causes of action: (1) Breach of the Indemnity Agreement; (2) Declaratory Relief; (3) Quia Timet; and (4) Specific Performance. Allied World now seeks a default judgment pursuant only to the first

breach of contract count. To recover on a breach of contract count, Allied World must show (1) the existence of a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages to plaintiff therefrom. *Acoustics, Inc. v. Trepte Construction Co.* (1971) 14 Cal.App.3d 887, 913. Further, California Civil Code Section 2847 states in pertinent part: "If a surety satisfies the principal obligation, or any part thereof whether with or without legal proceedings, the principal is bound to reimburse what he has disbursed, including necessary costs and expenses…"

By their default, Defendants admit to the allegations in Allied World's Complaint. *DIRECTV, Inc. v. Hoa Huynh,* 503 F.3d 847, 851 (9th Cir. 2007). Allegations as to damages, however, must be proven. *See, TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir. 1987).

In exercising discretion as to the entry of a default judgment, the Court may consider several factors including: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV. ANALYSIS

### A. The *Eitel* Factors Weigh in Favor of Granting Default Judgment

Consideration of the *Eitel* factors weighs heavily in favor of an entry of default judgment.

#### 1. Possibility of Prejudice to Allied World

Allied World suffered losses as a direct result of issuing the Bonds for California Averland Construction and has not been paid all amounts due under the Indemnity Agreement signed Joseph Son Byn Kim and Connie Kim. A "possibility of prejudice" exists when denying a default judgment would leave Allied World without

a proper remedy or alternate recourse for recovery. *Landstar Ranger, Inc. v. Parth Enter, Inc.,* 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). Defendants have failed to appear or defend Allied World's Complaint, leaving Allied World with no other options to obtain relief. Allied World will be prejudiced if judgment against Defendants is not entered.

### 2. Merits of Substantive Claim and Sufficiency of the Complaint.

The second and third *Eitel* factors require Allied World to "state a claim upon which [it] may recover." *Philip Morris USA, Inc. v. Castworld Prod., Inc.,* 219 F.R.D. 494, 499 (C.D. Cal. 2003). Federal Rule of Civil Procedure 8 requires a statement of jurisdictional grounds, a claim showing that the pleader is entitled to seek relief, and a demand for judgment for the relief the pleader seeks. See Fed. R. Civ. P.8. Each requirement of Federal Rule 8 has been set forth in Allied World's Complaint.

In the Complaint, Allied World has established that Defendants breached the IA and it is entitled contractually to reimbursement. Allied World alleges the existence of the July 17, 2015 Indemnification Agreement and attaches a copy. In reliance upon the signed IA, Allied World performed its obligations as a construction surety. It issued multiple performance bonds and labor and material payment bonds to California Averland Construction in connection with its construction work on multiple projects including: (1) the County of Santa Barbara Dept. of Public Works Project No. 820000-17 9Bond No. S001-4764); (2) the Pomona Unified School District Project No. 05(15-16)FP (Bond No. S001-1236); (3) county of San Luis Obispo, state of California Job Order contract 2016 JOC-1 (Bond No. S001-2955); (4) 888 S. Vermont Ave., LLC Zion Market Shell (Bond No. S001-3853); (5) the Norwalk-La Mirada Unified School District, Modernization of Admin/MPR at Gardenhill and Hutchinson (Bond No. S001-6184) (the "Norwalk-La Mirada Project"); and (6) the Taft College Student Center (Bond No. S001-2949) (the "Taft College Project") (collectively the "Projects"). It investigated, defended and ultimately paid claims which consisted of sums due and owing by Cal Averland to its subcontractors and suppliers which had

been guaranteed through Allied World's issuance of the public works payment bonds. Defendants did not perform because they did not "fully indemnify and hold [Allied World] harmless from and against any and all claims, demands or legal expense…" (Keating Dec., Exh. A.) Moreover, California Civil Code Section 2847 requires the corporate Defendant to reimburse Allied World for any payments made on the bond. Defendants did not comply with their contractual indemnity duties, have failed to pay their subcontractors and suppliers, and have failed to hold Allied World harmless.

### 3. Sum of Money at State and Possibility of Disputed Material Facts.

The fourth and fifth factors support a default judgment when "the sum of money is reasonably proportionate to the harm caused by the defendant's action." And the likelihood of a dispute over material facts is low. *Landstar,* 725 F. Supp. 2d at 921-22. Here, Allied World seeks recovery for bond payouts, attorneys' fees, and litigation costs totaling $1,702,835.50. The majority of this amount (just less than 90%) consists of sums due and owing by Cal Averland to its subcontractors and suppliers — which the subcontractors and suppliers may recover from Allied World as surety. The Complaint alleges all facts necessary to prevail on its claim, which renders the possibility of a dispute over material facts remote. Further, Allied World seeks damages in line with California Civil Code Section 2847. As such, the statutes reflect the damages the California legislature sees as reasonably proportionate to the harm caused when a bond principal and indemnitor does not honor his agreement to hold the surety harmless and reimburse it for any loss occasioned by reason of issuing the surety bond.

### 4. Possibility of Excusable Neglect

The sixth factor favors a default judgment when a defendant does not respond after proper service. *WeCoSign, Inc. v. IFG Holdings, Inc.,* 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Here, the possibility of excusable neglect is slight because Allied World served California Averland Construction with a copy of the summons and Complaint on January 28, 2019. Allied World also served Joseph Son Byn Kim

and Connie Kim by personal service on January 27, 219. There is every indication that Defendants are aware of this action having also been served by mail the requests for entry of default on the Complaint, communications regarding the lawsuit, and this motion for default judgment. Defendants Joseph Son Byn Kim and Connie Kim filed answers *in propria persona*, but did not respond to communications from our firm as counsel for Plaintiff Allied World. Joseph Son Byn Kim and Connie Kim did not participate in Rule 26 exchanges or file any reports with this Court. Defendants are, nonetheless, fully aware of this lawsuit.

### 5. Policy for Deciding Cases on the Merits

"A defendant's failure to answer a Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo,* 238 F. Supp. 2d at 1177. Thus, "the preference to decide cases on the merits does not preclude a court from granting default judgment" where, as here, a defendant fails to respond. *Id*.

## B. Damages

Allied World requests a total of $1,702,835.50 from Defendants composed of payments to bond claimants, plus attorney expenses and costs of litigation.

### 1. Bond Payments

Allied World received 18 claims to date on the Taft College Project against the labor and material payment bond No. S001-2949 from Cal Av's suppliers and subcontractors including: Trustees of the Southern California Pipe Trades; Core & Main; Resco Electric, Inc.: DAC Service, Inc.; Westside Building Material; United Rentals Inc.; Norman S. Wright; Climatec Mechanical Equipment; Tom Malloy Corp. dba Trench Shoring; Kern Asphalt Paving & Sealing Co., Inc.; Cemex Construction Materials LLC; Ahern Rentals, Inc.; H&E Equipment Services; Custom Air Conditioning, Inc.; Herc Rentals, Inc. Mike Owens Fabrication; Design Hardware; and Kitcor Corporation. Each of these subcontractors and suppliers sought payment under the labor and material bond for labor and/or materials supplied to Cal Av as general contractor on the Taft College Project.

Allied World has incurred total net losses to date on the Taft College project in the amount of $1,279,866.15 (Keating Affidavit, para. 7.) ("iVOS Payment Report, Exh. "C".) This amount includes: (1) payments made to date on the Taft College project to subcontractors and suppliers of Cal Av in the amount of $925,462.59 under payment bond No. S001-2949; and (2) payments made to subcontractor Mike Owens Fabrication at the request of project owner Taft College under performance bond No. S001-2949 for emergency interim health and safety work, in the amount of $142,900. Additionally, Allied World has paid $129,152.16 to construction consultants and $1,598 for an asset check.

In addition to claims made on the Taft College Project, Allied World also received multiple claims of nonpayment against the labor and material payment bond No. S001-6184 issued in connection with the Norwalk-La Mirada Project. Allied World has to date suffered total losses of $423,019.35 on the Norwalk-La Mirada Project (Affidavit of Keating, para. 15.) (iVOS Payment Report", Exh. "G.") This amount includes $420,384.35 paid to Cal Av's subcontractors and suppliers under Bond No. S001-6164 in satisfaction of labor and material payment bond claims.

### 2. Attorney's Fees and Litigation Costs

Local Rule 55-3 does not apply in this case. That Rule requires the Court to use a schedule when a "contract or applicable statute provides for the recovery of reasonable attorneys' fees." (L.R. 55-3) The contract at issue here – the Indemnity Agreement – does not call for recovery of "reasonable" attorney fees or prevailing party fees. Instead, the IA states that Defendants *shall* reimburse Allied World for any "any and all claims, demands or *legal expense* which arise by reason of the execution of any bond issued pursuant to this application." (emphasis added.) (Keating Dec., Exh. A.) There is no adjective "reasonable" or condition inserted before "legal expense".

Allied World has incurred $89,492.05 in legal expenses and costs on the Taft College project. In addition to the legal fees incurred on the Taft College Project,

Allied World has incurred $2,635 in legal services related to the claims on the Norwalk-La Mirada project.

Attorneys' fees and costs along with bond pay-outs are all considered "loss" by virtue of the nature of the Surety-Principal relationship and the express language of the Indemnity Agreement between the Surety and its Principal.  The express language is clear: the Indemnitors shall pay Allied World's court costs and fees in full – there is no need to calculate whether they are "reasonable" and L.R. 55-3 does not apply.

A true and correct copy of Allied World's Invoices for each of the claims files which shows all loss payments including payment of attorney fees and claims handling fees, as well as an invoice summary for Gascou Hopkins LLP, are attached collectively hereto as Exhibit D to Mr. Keating's Declaration.

## VI. CONCLUSION

Allied World respectfully requests that this Court issue a default judgment jointly and severally against Cal Averland Construction, Inc., Joseph Son Byn Kim and Connie Kim in the total amount of $1,702,885.50 (consisting of $1,279,855.15 in net damages to date on the Taft College project—after a $5,000 credit for one payment by Cal Av—and $423,019.35 in damages to date on the Norwalk-La Mirada Project.)

Dated: November 4, 2019                                     */s/ Christian J. Gascou*

                                                            Christian J. Gascou
                                                            GASCOU HOPKINS LLP
                                                            Attorney for Allied World
                                                            Insurance Company

**NOTICE OF MOTION AND REVISED MOTION**