# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **CV 19-528-JFW(RAOx)** | Date:  November 25, 2019 |

Title:    Allied World Insurance Company -v- California Averland Construction, Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER DENYING WITHOUT PREJUDICE REVISED MOTION FOR JOINT AND SEVERAL DEFAULT JUDGMENT AGAINST DEFENDANTS CALIFORNIA AVERLAND CONSTRUCTION, INC., JOSEPH SON BYN KIM AND CONNIE KIM
**[filed 11/4/2019; Docket No. 28]**

On November 4, 2019, in its third attempt, Plaintiff Allied World Insurance Company ("Plaintiff") filed a Revised Motion for Joint and Several Default Judgment Against Defendants California Averland Construction, Inc., Joseph Son Byn Kim and Connie Kim ("Third Motion"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for December 9, 2019 is hereby vacated and the matter taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

In its Third Motion, it appears that Plaintiff has made several mathematical errors in calculating its damages, making it virtually impossible for the Court to determine the appropriate amount of damages.  For example, on p. 9 of the Third Motion, Plaintiff states:

> Allied World has incurred total net losses to date on the Taft College project in the amount of $1,279,866.15.  (Keating Affidavit, para. 7) ("iVOS Payment Report, Exh. "C".) This amount includes: (1) payments made to date on the Taft College project to subcontractors and suppliers of Cal Av in the amount of $925,462.59 under payment bond No. S001-2949; and (2) payments made to subcontractor Mike Owens Fabrication at the request of project owner Taft College under performance bond No. S001-2949 for emergency interim health and safety work, in the amount of $142,900. Additionally, Allied World has paid $129,152.16 to construction consultants and $1,598 for an asset o

Third Motion [Docket No. 28] at 9.  However, the sum of these figures, which supposedly comprise the total net losses on the Taft College Project, does not equal $1,279,866.15.

      In attempting to determine the correct amount, the Court reviewed the Keating Affidavit and the iVOS Payment Report, which unfortunately also contained errors or deficiencies.  For example, at paragraph 12 of the Keating Affidavit, James Keating states: "Allied World has made one payment to Kodiak Asset Recovery LLC in the amount of $1,598 for an asset check."  Affidavit of James Keating in Support of Request for Default Judgment [Docket No. 28-2] ("Keating Affidavit") at ¶ 12.  However, the iVOS Payment Report indicates that the check to Kodiak Asset Recovery LLC was for $2,230, which is consistent with the copy of the physical check.  Keating Affidavit, Exhibits C and F.

      As another example, at paragraph 12 of the Keating Affidavit, Plaintiff states that it has issued "$89,492.05 in direct ACH payments to J.S.J. Held [*sic*] to date as listed in Exhibit C."  However, the sum of the direct ACH payments to J.S. Held LLC as listed in Exhibit C does not equal $89,492.05, but rather equals $89,452.05.

      As yet another example, at paragraph 14 of the Keating Affidavit, James Keating states: "Allied has issued checks for legal services and costs to Gascou Hopkins LLP on the College District project in the total amount of $89,492.05 as of May 22, 2019." Keating Affidavit at ¶ 14.  However, the total payments to Gascou Hopkins LLP, as listed on the iVOS Payment Report, do not add up to $89,492.05, but rather equals $85,038.90. Keating Affidavit, Exhibit C.

      As a result of Plaintiff's inexcusable and careless errors, the Court cannot determine the appropriate amount of damages to award to Plaintiff. Accordingly, Plaintiff's Third Motion is **DENIED without prejudice**.  Plaintiff shall file a final revised motion on or before **December 2, 2019**. The Court warns counsel that it will not tolerate any additional mistakes, and that any additional errors or mistakes will result in the denial of the motion with prejudice.

      IT IS SO ORDERED.